IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTIS MICHAEL BRIDGEFORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 10-430-GMS |
| ) | |
| NEW CASTLE COUNTY POLICE ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

The plaintiff Otis Michael Bridgeforth ("Bridgeforth"), filed this lawsuit on May 24, 2010, pursuant to 42 U.S.C. § 1983. (D.I. 2.) He appears *pro se* and has been granted leave to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

## I. BACKGROUND

Bridgeforth alleges that on May 21, 2010, members of the New Castle County Police Department unlawfully searched, harassed, and verbally assaulted him. He also alleges excessive force and resultant physical injury and emotional distress. He specifically alleges that he was racially profiled, held to the ground and cuffed. It is unclear if he was arrested, but he alleges that he was not criminally charged. Bridgeforth seeks one million dollars in damages.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual

allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Bridgeforth proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Bridgeforth leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.– , 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

(2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Bridgeforth has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege Bridgeforth's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

The sole defendant in this action is the New Castle County Police Department, but the allegations refer to the actions of the arresting officers. In addition, Bridgeforth states that he will subpoena the officers to obtain all the defendants' names. It appears, therefore, that Bridgeforth attempts to hold the defendant vicariously liable for its employees' conduct.

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)(citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). Bridgeforth has not raised any specific allegations against the defendant, and therefore, he cannot establish a claim against it.

In this instance, *sua sponte* dismissal of the defendant would make it very difficult or impossible for Bridgeforth to discover the identity of the police officers involved in the May 2010 occurrence. Therefore, in the interests of justice, the court will direct service upon the defendant and will further direct it to identify, for Bridgeforth, the police officers involved in the May 21, 2010 occurrence as described in the complaint. Once Bridgeforth learns the identity of the police officers, he must immediately move the court for an order directing amendment of the caption and service of the complaint on them. *See Borges v. Administrator for Strong Mem'l Hosp.*, No. 99-6351FE, 2002 WL 31194558, at *1 n.1 (W.D.N.Y. Sept. 30, 2002). *See also Searcy v. Dallas Police Dep't*, No. 3:01-0687-P, 2001 WL 611169 (N.D. Tex. May 31, 2001)(Plaintiff sued two unnamed City of Dallas Police Officers, claiming excessive force, and Magistrate Judge ordered that service be completed on the defendants through the City of Dallas Police Department).

## IV. CONCLUSION

For the above stated reasons Bridgeforth will be allowed to proceed with the complaint. An appropriate order will be entered.

                                                                                          _____
                                                                                          CHIEF, UNITED STATES DISTRICT JUDGE

__Sept 29__, 2010
Wilmington, Delaware